UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES H. MOORE, JR., ET AL.

VERSUS

THE STATE OF LOUISIANA,
ET AL.

CIVIL ACTION
NO. 05-374-JJB
C/W NO. 05-1008-JJB

FILED
U.S. DISTRICT COURT

2009 MAY 26  P 4:01

### RULING AND ORDER

This matter is before the court on a motion by State Farm for review of the Clerk's decision on taxation of costs. Plaintiffs have filed an opposition; State Farm has filed a reply brief. There is no need for oral argument.

On May 12, 2009, the Clerk of Court denied State Farm's application for costs on the grounds that it had not been filed within 30 days of the entry of judgment pursuant to Local Rule 54.3. The Clerk observes that "Judgment was entered on November 17, 2006" and the bill of costs was filed on February 19, 2009. Finding the application untimely, the Clerk did not reach the merits of the application for costs.

State Farm argues that there was no final judgment in this matter until the court ruled on April 23, 2009, making the preliminary injunction permanent. While the history of this case has been protracted and exceedingly complex, the court did not finally resolve the claims for permanent injunctive relief until April 23, 2009, when it entered an order making the preliminary injunction permanent. Under the

1

DG

unique circumstances herein,[1] the court finds that the application for costs was timely made.

Accordingly, this matter is referred back to the Clerk of Court for a determination on the merits of State Farm's application for costs.

Baton Rouge, Louisiana, May 25th, 2009.

JAMES J. BRADY, DISTRICT JUDGE

---

[1] Indeed, the authorities cited by plaintiffs suggest that a new period for filing an application for costs will run if a "new" judgment is entered following a reversal or remand by the appellate court or the granting of a new trial motion by the district court. This is in essence what happened in the instant proceedings.